UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Robert Blake, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:20-cv-2613 |
| | ) |
| TrueAccord Corp., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff brings this action against Defendant to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Robert Blake is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant TrueAccord Corp. (hereinafter referred to as "TrueAccord") is a Delaware corporation. TrueAccord acts as a debt collector as defined by § 1692a of the FDCPA because it regularly collects, or attempts to collect, delinquent consumer debts, including delinquent consumer debts in the State of Indiana. In fact, TrueAccord was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

6. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

7. The debt owed by Plaintiff went into default.

8. After the debt went into default, the debt was placed with or otherwise transferred to TrueAccord for collection.

9. The Plaintiff disputes the debt.

10. TrueAccord sent an initial form collection email dated October 10, 2019 to Blake in an attempt to collect a debt. A copy of the email is attached hereto as Exhibit "A".

11. The October 10, 2019 letter failed to provide Blake with the 30-day validation notice as required by § 1692g of the FDCPA.

12. TrueAccord's violation of the FDCPA is material because its attempt to collect a debt from Blake without the proper validation notice would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA. It would

also cause an unsophisticated consumer to alter his or her course of action in dealing with the debt in order to avoid further harassment. This violation of the FDCPA is sufficient to show an injury-in-fact.

13. TrueAccord's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692g OF THE FDCPA - FAILURE TO PROVIDE 30 DAY VERIFICATION

14. Blake adopts and realleges Paragraphs 1 – 13.

15. § 1692g of the FDCPA requires that, within five (5) days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, containing, among other disclosures, notice that the consumer has the right to dispute the validity of the debt and to seek verification of the debt. *See*, 15 U.S.C. § 1692g(a)(2), (3), (4), and (5).

16. TrueAccord's email to Blake dated October 10, 2019 failed to provide the statutorily required 30-day validation notice. Blake never received the required 30-day validation notice. Thus, TrueAccord has failed to comply with § 1692g(a).

17. TrueAccord's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

18. Blake adopts and realleges Paragraphs 1 – 17.

19. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

20. By failing to provide proper 30-day validation notice, TrueAccord violated § 1692f of the FDCPA.

21. TrueAccord's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Blake respectfully requests that the Court find that the Defendant TrueAccord Corp. violated the FDCPA and enter judgment against TrueAccord Corp. for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn


Thomas G. Bradburn, #15377-49
Bradburn Law Firm
52 South 9th St., Suite 10
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com